Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4622 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Brown vs. Joswiak | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Parties' motions in limine are granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAMYON BROWN,           )
                        )
            Plaintiff,  )
                        )
      vs.               )    02 C 4622
                        )
D. JOSWIAK, Officer, Individually, )
                        )
            Defendant.  )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

Before the court are eleven motions *in limine* brought by Plaintiff Damyon Brown ("Brown") and nineteen motions *in limine* brought by Defendant Donald Joswiak ("Joswiak"). For the reasons set forth below, the parties' motions are granted in part and denied in part.

## BACKGROUND

This case arises out of an incident that occurred on June 3, 2001. On that date, Brown was driving his vehicle when he was stopped and subsequently arrested by Joswiak, an officer with the Calumet City Police Department. The traffic stop and arrest involved an altercation between Brown and Joswiak, the details of which are disputed. Brown has sued Officer Joswiak for use of excessive force, false arrest, and

DOCKETED FEB 24 2004

30

malicious prosecution, pursuant to 42 U.S.C. § 1983. Joswiak has filed a counterclaim against Brown for battery. Discovery has been completed and the cased is poised for trial. The parties have filed various motions *in limine.*

## LEGAL STANDARD

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine.* Falk v. Kimberly Services, Inc., 1997 WL 201568, *1 (N.D. Ill. 1997). However, a court has the power to exclude evidence *in limine* only when that evidence is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). A district court should be mindful that some proposed evidentiary submissions cannot be accurately evaluated in a pretrial context via a motion *in limine.* Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). For this reason, certain evidentiary rulings should be deferred to trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. Hawthorne Partners at 1400. Denial of a motion *in limine* does not automatically mean that all evidence contemplated by the motion will be admitted at trial. Id. at 1401. Instead, the court will entertain objections to individual proffers as they occur at trial. Id. In any event "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Luce v. U.S., 469 U.S. 38, 41-42 (1984).

## DISCUSSION

**Undisputed Motions**

Several of the parties' motions are not disputed and are therefore granted. The parties are barred from having witnesses testify who were not previously identified in discovery (Pl. Mot. 3 and Def. Mot. 19). The parties are barred from referring to or using any photographs that were not produced or identified in discovery (Pl. Mot. 4). Joswiak is barred from introducing testimony or evidence concerning Brown's conduct before June 3, 2001, if such conduct does not relate to Brown's conduct during the incident in dispute (Pl. Mot. 5). Joswiak is barred from introducing testimony or evidence concerning the conduct of Brown's witnesses prior to the incident in dispute if such conduct does not relate to their conduct surrounding the incident (Pl. Mot. 6). Joswiak is barred from introducing evidence or testimony concerning the gang affiliation or tattoos of Brown or his witnesses (Pl. Mot. 8). The parties are barred from referring to any other lawsuit or complaints that Brown has filed against police officers (Pl. Mot. 9). The parties are barred from referring to any prior problems that Brown or his witnesses have had with the police prior to the incident in question (Pl. Mot. 10).

Brown is barred from referring to the criminal case against him stemming from this incident unless Joswiak first refers to the case or its outcome (Def. Mot. 1). The

parties are barred from referring to the fact that the traffic citation issued to Brown on the date in question was later dismissed, unless Joswiak first refers to the outcome of the citation (Def. Mot. 2). The parties are barred from referring to Brown's loss in wages as a result of the incident in question (Def. Mot. 4). The parties are barred from introducing evidence that Brown was deprived of medical care while in the custody of the Calumet City Police Department (Def.'s Mot. 5). Brown is barred from referring to a prior citizen compliant filed against Joswiak unless Joswiak introduces evidence relating to his positive record as a police officer (Def. Mot. 6). The parties are barred from introducing evidence suggesting that Joswiak's police training was inadequate or deficient (Def. Mot. 7). The parties are barred from introducing any testimony relating to Brown's or his witnesses' prior contact with any law enforcement agency (Def. Mot. 10). The parties are barred from referring to Joswiak's prior arrest for public intoxication (Def. Mot. 12). Brown is barred from referring to medical or psychological conditions of Joswiak that are unrelated to the incident in question (Def. Mot. 13). The parties are barred from introducing evidence implying that Brown's car was stopped by Officer Joswiak because of the race of Brown or his car's occupants (Def. Mot. 14). The parties are barred from referring to the .1 gram of chunky white substance that was found in Brown's car that subsequently tested negative for a controlled substance (Def. Mot. 16). The parties are barred from introducing testimony

or evidence that Joswiak has liability insurance (Def. Mot. 17). All non-party witnesses shall be excluded from the courtroom until called upon to testify (Def. Mot. 18).

**Disputed Motions**

Brown's first and second motions respectively seek to preclude any reference to the prior criminal record of Brown or his witnesses. Brown claims that references to the criminal records of himself and his witnesses would be immaterial and prejudicial under Federal Rule of Evidence 403. These motions are denied as a witness' credibility can be challenged under Federal Rule of Evidence 609 through introduction of evidence of the witness' prior criminal felony convictions.

Brown's seventh motion seeks to bar Joswiak from referring in closing argument that Brown has asked for more money than he actually expects to be awarded. Joswiak objects to this motion but has not proffered any reason for his objection. We will grant Brown's motion as any potential argument of this sort would be irrelevant and prejudicial.

Brown's eleventh motion seeks to bar any reference to any awards or commendations that Joswiak has received as a police officer. This motion is denied, but if Joswiak introduces such evidence, Brown will then be allowed to present evidence concerning Joswiak's negative history as a police officer (See Def. Mot. 6).

Joswiak's third motion seeks to bar any suggestion or inference that there was no probable cause for Joswiak to arrest Brown on June 3, 2001. This motion is denied as such evidence could be relevant to Brown's claim for false arrest.

Joswiak's eighth motion seeks to bar any reference to any Calumet City Police Department officer using profanity during the incident in question. In support of this motion Joswiak offers various cases standing for the proposition that harassing, abusive, or indecent language by the police, in itself, cannot form the basis of a civil rights claim. However, Joswiak provides no evidentiary reason for excluding such evidence and his motion is thus denied.

Joswiak's ninth motion seeks to bar evidence concerning the policies and procedures of the Calumet City Police Department on the grounds that such evidence could be irrelevant, immaterial, or prejudicial. This motion is denied as whether Joswiak deviated from police procedures is potentially relevant to Brown's claim of improper use of pepper spray.

Joswiak's eleventh motion seeks to exclude evidence referencing Brown's heart surgeries in 1998 on the grounds that such evidence is immaterial and irrelevant to Brown's claims. This motion is granted and we will require that Brown first demonstrate the relevance of Brown's 1998 surgery before introducing evidence of this sort.

Joswiak's fifteenth motion seeks to bar evidence relating to Carol Smith's sister being a deputy sheriff or Brown's father being a Cook County employee. This motion is denied but may be resubmitted at trial when it may be resolved in fuller and more appropriate context.

## CONCLUSION

Based on the foregoing analysis, the parties' motions *in limine* are granted in part and denied in part.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: \FEB 2 3 2004